### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Judge Regina M. Rodriguez

Civil Action No. 1:21-cv-02941-RMR

DEMETRIUS MAREZ et al.,

     Plaintiffs,

v.

JARED POLIS, Colorado Governor, et al.,

     Defendants.

---

### ORDER

---

This matter is before the Court on Plaintiffs' Emergency Motion for Preliminary Injunction and Request for Expedited Hearing, ECF 4. For the reasons stated herein, Plaintiffs' Motion is **DENIED.**

"A preliminary injunction is an extraordinary remedy, the exception rather than the rule." *Aposhian v. Barr*, 958 F.3d 969, 978 (10th Cir. 2020) (quoting *United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Ent. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888 (10th Cir. 1989)).

> To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harms that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.

*Aposhian*, 958 F.3d at 978 (quoting *Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007)); *see also Heideman v. S. Salt Lake City*, 348 F.3d 1182,

1188 (10th Cir. 2003).  "It is the movant's burden to establish that each of these four factors tips in his or her favor."  *Heideman*, 348 F.3d at 1188–89.

In their motion, the Plaintiffs ask this Court to "issue a preliminary injunction barring Defendants from taking any actions to enforce [SB 21-116]." ECF 4 p. 2. However, in the very first sentence of their motion, the Plaintiffs admit that "the deadline to change Native American icons and imagery covered by SB 21-116" is June 1, 2022. *Id*. There is no indication in any of the Plaintiffs' briefing that the Defendants are currently enforcing SB 21-116 or that they intend to do so in the immediate future. The Plaintiffs are thus requesting this Court to issue an "emergency" order preliminarily enjoining action which is not being taken and which will not immediately be taken. The function and purpose of a "preliminary injunction" is to prevent irreparable injury *pending an ultimate determination of the action. See Marine Cooks & Stewards, AFL v. Panama S. S. Co*., 268 F.2d 935, 935 (9th Cir. 1959). The Plaintiffs here have not established that they will suffer any immediate injury pending the ultimate determination of this action because the statute at issue will not be enforced for another six months.[1]

The November 30, 2021 deadline on which the Plaintiffs rely to support this "emergency" request is not tied to the relief requested. The Plaintiffs request that the Court enjoin the Defendants from *enforcing* SB 21-116. November 30, 2021 is simply the date by which schools need notify the Building Excellent Schools Today (BEST) of

---

[1] Indeed, the Plaintiffs acknowledge in their motion that "it is possible that the Defendants will agree to a case scheduling order that largely resolves the issues in the case prior to June 1, 2022." ECF 4 p. 20.

an intent to apply for funding to remove American Indian mascots. The November 30, 2021 deadline has no bearing whatsoever on the enforcement of the Act.

The Plaintiffs argue that they will be harmed if the Court does not issue a preliminary injunction prior to November 30, 2021 because "a transition to a new school name or logo is expensive, and [] it will be next to impossible to return to such a name if relief is granted after June 1, 2022." ECF 4 p. 19. Such speculative harm, however, cannot form the basis for a finding of irreparable injury. "Irreparable harm" means that the injury "must be both certain and great." *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001). Further, the harm alleged would constitute harm to the *schools*, not to the Plaintiffs themselves. Finally, the alleged harm that could occur by the passage of this deadline is monetary harm that can be compensated through damages. "It is . . . well settled that simple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable by monetary damages."  *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003). The Plaintiffs have thus failed to establish irreparable injury absent a preliminary injunction, and their Motion must be denied.[2]

Ultimately, where a challenge has been made to the enforcement of laws that were enacted pursuant to the democratic process, it should not be decided on an expedited and abbreviated process. Here, there is no need to act on an emergency

---

[2] The Plaintiffs bear the burden of establishing that each preliminary injunction factor tips in their favor. While Plaintiffs' requested emergency relief is denied because the Plaintiffs have failed to establish irreparable harm, the Court notes that the remaining factors likely weigh in favor of the Defendants as well.

basis, and the public interest is thus best served by allowing the parties to proceed with the litigation.

For these reasons, the Court finds that the Plaintiffs have failed to establish entitlement to an emergency preliminary injunction. Plaintiffs' Motion, ECF 4, is **DENIED.**

DATED:  December 1, 2021

BY THE COURT:

REGINA M. RODRIGUEZ
United States District Judge